UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JESSIE D. McDONALD ]
    Petitioner, ]
     ]
v. ] No. 3:07-0602
     ] Judge Trauger
PAUL G. SUMMERS ]
    Respondent. ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is a resident of Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Paul Summers, former Attorney General for the State of Tennessee, seeking a writ of habeas corpus.[1]

The petitioner was arrested "by issuance of a misdemeanor citation" charging him with possession of a gambling device. More specifically, the petitioner was cited when he was found in possession of a "numbers ticket". He was scheduled for "trial" on June 4, 2007. The disposition of the misdemeanor citation is currently unknown.

A petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). This exhaustion requirement springs from considerations of comity between the states and federal government and is designed to give the state an initial

---

[1] The Petition states that it is brought under 28 U.S.C.§1651 ("The All Writs Act") but, because it is "FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY" (Docket Entry No. 1), the court will treat it as if one brought pursuant to 28 U.S.C. § 2254.

opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Wilwording v. Swenson, 92 S.Ct. 407, 408 (1971). This means that as a condition precedent to seeking federal relief, the petitioner's claims must have been fairly presented to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refused to consider them. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).

The burden of showing compliance with the exhaustion requirement rests with the petitioner. Darr v. Burford, 70 S.Ct. 587, 597-598 (1950); Clounce v. Pressley, 640 F.2d 271, 273 (6th Cir.1981). Since the petitioner was "tried" a short time ago, he has obviously not had an opportunity to fully exhaust his federal claims in the state courts prior to filing this action.

When a habeas corpus petitioner has failed to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. Rose v. Lundy, supra, at 102 S.Ct. 1205. Therefore, an appropriate order will be entered dismissing the petition without prejudice to petitioner's right to pursue any state court remedies which might be available to him. Rule 4, Rules --- § 2254 Cases.

_____
Aleta A. Trauger
United States District Judge